UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIO B. LONG, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-1228 JAR |
| ) | |
| CATHERINE M. HOAG, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented plaintiff Mario B. Long, Sr.'s complaint brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff was granted leave to proceed in forma pauperis in this Court on October 25, 2024, and he paid an initial partial filing fee of $28.00 on December 23, 2024. [ECF Nos. 5 and 8]. The Court has reviewed the complaint pursuant to 28 U.S.C. § 1915 and has determined it is subject to dismissal, without prejudice.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background[1]

According to publicly available documents, on August 6, 2020, officers responded to a 911 call reporting the flourishing of a gun at 4624 Louisiana Avenue, St. Louis, Missouri. The caller, a minor child, told dispatch that her mother's boyfriend, Mario Long, Sr., was pointing a gun at her mother after breaking a glass door to get into their home. When police arrived at the home, plaintiff was observed screaming and cursing at the victim, who claimed that Mario Long, Sr., had assaulted her and pointed a gun at she and her daughter. Although plaintiff was initially taken into custody by St. Louis City Metropolitan Police Department and charged, on or about August 6, 2020, with unlawful possession of a firearm, unlawful use of a weapon – exhibiting, and domestic assault in the fourth degree in the Circuit Court of St. Louis, Missouri, *see State v. Long*, No. 2022-CR01384-01 (22nd Jud. Cir., St. Louis City Court), the St. Louis City action was later dismissed in lieu of a federal indictment.[2]

Plaintiff was federally indicted on September 3, 2020, on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Mario Long*, No. 4:20-CR-00486 SEP (E.D. Mo. 2024). On January 31, 2022, plaintiff was arraigned and advised of the nature of the charges in front of United States Magistrate Judge David Noce. United States Attorney Catherine Hoag appeared for the government and attorney Tara Crane appeared on behalf of plaintiff. The Court appointed the Federal Public Defender's Office to represent plaintiff, and plaintiff was ordered detained at the hearing. *Id.*

---

[1] The CM/ECF docket numbers in this section of the Court's Order relate to filings in plaintiff's criminal case. *See United States v. Mario Long*, No. 4:20-CR-00486 SEP (E.D. Mo. 2024).

[2] Because plaintiff's state court prosecution was dismissed, the Court is unable to access the docket on Missouri Case.Net.

3

On February 4, 2022, plaintiff's appointed counsel, Eric Selig, was provided discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure. [ECF No. 22]. The discovery consisted of police reports, lab reports, ATF eTrace report, criminal history documents, 911 recordings, photographs, and documents from relevant state court proceedings. *See id.* On August 16, 2022, plaintiff's new attorney, Zachary Borowiak, was provided discovery by Catherine Hoag after a formal request made on August 1, 2022. [ECF No. 47]. Between the date of his arraignment and December of 2022, (and despite being represented by counsel), plaintiff filed numerous pro se filings with the Court, including motions to substitute or terminate his attorney, [ECF Nos. 30, 40, 67], a motion for copy of transcript [ECF No. 34], and a motion to dismiss or for bill of particulars. [ECF No. 49]. The Court denied plaintiff's first motion to dismiss or for bill of particulars. [ECF No. 50]. However, after a hearing on October 27, 2022, the Court permitted plaintiff to file a second pro se motion to dismiss or for bill of particulars [ECF Nos. 62 and 64], which he filed on November 7, 2022. [ECF No. 65].

In his motion to dismiss or for bill of particulars, plaintiff maintained that he was not guilty of the charge. [ECF No. 65]. Specifically, the plaintiff argued that it was "impossible for him to have handled the firearm in the manner and time frame in which the incident report stated" due to a lack of forensic testing or photographic evidence. The plaintiff also took issue with what he perceived to be a lack of evidence surrounding his possession of the firearm on August 6, 2020, concluding that the indictment should be dismissed due to the alleged "insufficiencies and deficiencies." The plaintiff also asserted that the bill of particulars should provide him "the specifics of what the plaintiff was to have committed." *Id.*

On December 20, 2022, United States Magistrate Judge Shirley Padmore Mensah held a pretrial status hearing. [ECF No. 72]. All pending motions were discussed at that time, including

plaintiff's pro se motion for termination of counsel, ECF No. 67. Although plaintiff's pro se motion for termination of counsel, ECF No. 67, was denied, his motion to dismiss or for bill of particulars, ECF No. 65, was taken under submission. On December 27, 2022, plaintiff again filed a motion to terminate his counsel. [ECF No. 73]. In a closed court hearing, plaintiff and counsel were heard regarding plaintiff's motion on January 9, 2023. [ECF No. 77]. The Court then denied plaintiff's motion. [ECF No. 78]. Nonetheless, on January 30, 2023, plaintiff again filed a motion to terminate his counsel. [ECF No. 80]. The Court set the matter for hearing on February 21, 2023, and on that date, the Court ordered plaintiff and his counsel to update the Court on the case no later than March 8, 2023. [ECF No. 85]. On March 17, 2023, the Court denied plaintiff's motion to terminate his counsel by written order. [ECF No. 87].

In the March 17, 2023 Order, Judge Mensah explained what she identified as the basis for plaintiff's dissatisfaction with Zachary Borowiak's representation, specifically that he believed exculpatory evidence exists "somewhere" and defense counsel has failed to diligently pursue or obtain that evidence. *See id.* She stated that in response to the Court's inquiries, defense counsel detailed his efforts to pursue the evidence plaintiff believed to exist. Judge Mensah set out the standard for appointment of new counsel, which requires a criminal defendant to demonstrate justifiable dissatisfaction with his appointed attorney, and found, "[b]ased on the collective record from each termination hearing, . . . that any dissatisfaction Mr. Long may have with Mr. Boro[w]iak is not justified." *Id.* The Order concluded:

> The record before this Court demonstrates that Mr. Boro[w]iak has pursued every lead he reasonably can pursue and appears to be providing zealous representation of Mr. Long to the extent that Mr. Long will allow him to do so. There has been neither a breakdown in communication nor an irreconcilable conflict between Mr. Long and his counsel. Based on the statements Mr. Long has made on the record, part of his dissatisfaction appears to stem from his misunderstanding of the law and

5

> criminal procedure, his frustration with state court proceedings, and other things beyond the control of Mr. Boro[w]iak. For the foregoing reasons, Defendant's motion for substitute counsel will be denied.

[ECF No. 87 at 3-4].

On March 20, 2023, United States Magistrate Judge Shirley Padmore Mensah issued a Report and Recommendation denying plaintiff's pro se motion to dismiss or for bill of particulars. *See* ECF No. 88. In denying plaintiff's motion, ECF No. 65, the Court stated:

> Count 1 of the indictment in this case meets the pleading requirement of Rule 7(c) and comports with the Constitution. The elements the United States must prove to sustain a conviction for the charged offense—felon in possession of a firearm—are: "(1) a prior felony conviction; (2) knowing possession of a firearm; and (3) an interstate nexus." *United States v. Tate*, 633 F.3d 624, 629 (8th Cir. 2011). The indictment in this case charges that, in violation of Title 18, United States Code, Section 922(g)(1), on August 6, 2020, in the City of St. Louis, the defendant, Mario Long, "knowingly possessed a firearm, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, and the firearm previously traveled in interstate or foreign commerce during or prior to being in Defendant's possession. *See* Doc. 2. Long's motion fails because the facts asserted in the indictment together with statutory terms assert all the essential elements of the crime charged and are more than sufficient to give Long notice of the charge he is facing.
>
> In support of his motion to dismiss, Long contends disclosures made by the United States demonstrate that he did not possess, and could not have possessed, the firearm as alleged in the indictment. This argument is more a challenge to the sufficiency of the government's evidence than a challenge to the sufficiency of the indictment. The Eighth Circuit has held that, so long as the indictment is otherwise sufficient, "federal criminal procedure does not allow for pre-trial determination of the sufficiency of the evidence." *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (quoting *United States v. Critzer*, 951 F.2d 306, 307–08 (11th Cir.1992)). In so holding, the Eighth Circuit has recognized that, in criminal cases, "there is no corollary" to the summary judgment procedures contemplated by the Federal Rules of Civil Procedure. *Ferro*, 252 F.3d at 968. The Eighth Circuit has also recognized that the "government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to [Rule 29]." *Id.* The Eighth Circuit has disapproved "dismissal of an indictment on the basis of predictions as to what the trial evidence will be." *Id.* As such, Long's arguments attacking the sufficiency of the government's evidence are not a basis for dismissal of the indictment.

. . . . . . . . . .

In this case, it is not readily apparent from Long's motion why he believes he is entitled to a bill of particulars. As noted above, the indictment sufficiently informs Long of the charge (indeed, Long does not suggest otherwise) and gives Long sufficient notice of the facts constituting the offense. In his motion, Long repeatedly refers to items disclosed by the United States, making it clear that he has been provided with substantial discovery. Long's motion also makes clear that he understands the nature of the charge against him with sufficient precision that he can attack what he anticipates the evidence will be at trial.

Based on the record before this Court, it appears that the government disclosed arguably suppressible evidence beginning as early as February 4, 2022, pursuant to Fed. R. Crim. P 12(b)(b)(4). *See* Docs. 21 & 22. Consistent with the information proffered in the United States' opposition to the instant motion, on February 4, 2022, the United States filed a disclosure of arguably suppressible evidence pursuant to Fed. R. Crim. P 12(b)(b)(4) and a discovery letter offering to produce, or make available for inspection, a broad range of disclosures including laboratory reports regarding substances, fingerprints, DNA, and/or firearms obtained from the charged offenses; reports from the Bureau of Alcohol Tobbacco, Firearms and Explosives, and statements made by the defendant. *See* Doc. 22.

The undersigned has held multiple status conferences with Long and all counsel. Long and counsel have acknowledged disclosures made by the United States on the record. Although Long has insisted that additional potentially exculpatory evidence exists, from what this Court has gleaned, if any such evidence exists at all, it is in the possession of third parties and not in the possession of the United States. Indeed, Long has failed to identify any specific evidence he believes is within the United States' possession that has not been disclosed.

On April 5, 2023, District Judge Ronnie L. White sustained and adopted the Report and Recommendation of Magistrate Judge Mensah and denied plaintiff's pro se motion to dismiss the indictment or for bill of particulars in all relevant aspects. [ECF No. 92]. Trial was set for May 8, 2023. [ECF Nos. 89 and 97].

On April 6, 2023, defense counsel filed a motion for a status hearing, which the Court granted and set for April 12, 2022. The Court excused counsel for the United States from the hearing and heard from plaintiff and defense counsel. At the hearing, plaintiff stated that he was "very much" not going to communicate with defense counsel, and he made general and conclusory complaints about Mr. Borowiak's representation. [ECF No. 119]. The Court listened

7

to these complaints and identified that plaintiff was concerned about witnesses lying and the introduction of false evidence by the government. *See id.* The Court informed plaintiff that issues of witness credibility and challenges to evidence are matters that can be examined at trial but not before. Plaintiff also complained that defense counsel would not file motions "for the information" plaintiff seeks. The Court explained that if an attorney does not have a good-faith reason to believe a motion would be valid, plaintiff cannot force counsel to do something he believes is inconsistent with his oath as an Officer of the Court. *See id.* Plaintiff stated he had no trust in Mr. Borowiak, and the Court responded that plaintiff had not stated a reason why he didn't trust him. Plaintiff stated he wanted the Court to review the information that defense counsel had, and plaintiff wants to present, but the Court stated that review of evidence is a matter for trial, not prior to trial. The Court concluded that plaintiff's statements did not establish a breakdown in communications or a reason to terminate defense counsel. *See id.*

Subsequently, United States Magistrate Judge Stephen Welby granted an ATF agent's application for search warrant seeking buccal swabs of plaintiff's DNA. Plaintiff refused to comply with the warrant and Judge Mensah conducted a hearing on April 18, 2023, at which plaintiff appeared in person and by counsel. Judge Mensah ordered plaintiff to comply with the warrant within 48 hours, or she authorized the U.S. Marshal to collect the DNA sample from plaintiff "using a reasonable amount of force." Plaintiff appealed Judge Mensah's order and District Judge Ronnie L. White overruled plaintiff's objections and ordered him to comply with the search warrant. [ECF. No. 109]. Ultimately, the U.S. Marshal collected the DNA sample from plaintiff on April 25, 2023.

On April 26, 2023, the government, through Catherine Hoag, filed a motion for a three-month continuance in the case for DNA testing of a buccal swab collected from plaintiff after the

laboratory stated that results would take "at least 12 weeks." [ECF No. 111]. On that same date, the Honorable Judge Ronnie L. White granted the government's motion and reset the trial from May 8, 2023, to August 7, 2023, concluding the ends of justice served by the continuance outweighed the interests in a speedy trial. [ECF No. 112]. Shortly thereafter, plaintiff filed "Defendant's Final Statement to the Court, for Termination of Counsel," [ECF No. 113], which the Court construed as a motion for appointment of substitute counsel. Plaintiff also filed five motions requesting a hearing. [ECF Nos. 114-118]. District Judge Ronnie L. White examined plaintiff's motions by written order on May 25, 2023, and the motions were denied at that time. [ECF No. 119].

On June 9, 2023, plaintiff filed a motion indicating his intent to proceed pro se in his criminal trial. [ECF No. 120]. Simultaneously, plaintiff filed a motion for fair hearing or to dismiss. The Court held a hearing on plaintiff's motions on June 20, 2023. [ECF No. 124]. Plaintiff was then allowed to represent himself, although the Court appointed Zachary Borowiak as standby counsel. However, plaintiff's motion for fair hearing or to dismiss was denied. [ECF No. 124].

The government filed a second motion to continue the trial on July 12, 2023, requesting that the trial date of August 7, 2023, be continued to August 23, 2023, due to a witness being called into mandatory military training. [ECF No. 133]. The Court granted the motion on that same date. [ECF. No. 134].

On August 8, 2023, pretrial proceedings were held in front of District Judge Ronnie L. White. The government provided details of a plea offer, and motions in limine were heard by the Court. Several pro se motions filed by plaintiff were dismissed, including several motions for hearing, a motion to dismiss the charge against him and a motion to terminate his prior attorney.

9

[ECF No. 140]. Additional pretrial proceedings were held on August 23, 2023. [ECF No. 163]. At that time, plaintiff advised the Court that he wished to proceed with CJA appointed counsel (Zachary Borowiak) for trial and not proceed pro se. All pending motions were heard on the record and voir dire occurred, and the government began its evidence on day one of trial. *See id.*

On August 24, 2023, plaintiff was found guilty by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.* On January 30, 2024, plaintiff was sentenced to 120 months of imprisonment and two years of supervised release. [ECF No. 222]. Plaintiff appealed his conviction and sentence to the Eighth Circuit Court of Appeals. *See United States v. Long,* No. 24-1267 (8th Cir. 2025). The Eighth Circuit affirmed the conviction and sentence on February 11, 2025. *Id.*

Plaintiff filed a premature motion to vacate, set aside or correct his sentence on May 28, 2024, when his direct appeal was still pending in the Eighth Circuit Court of Appeals. *See Long v. United States*, No. 4:24-CV-00746 SEP (E.D.Mo.). The case was dismissed on May 29, 2024, without prejudice. *Id.*

**The Complaint**

Plaintiff prepared the complaint using a court-provided form, as required by this Court's Local Rules. *See* E.D.Mo. L. R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Plaintiff filed the complaint against Catherine Hoag, the United States Attorney who prosecuted him in his federal criminal trial, Zachary Borowiak, his appointed counsel, Draymond Foster, a Missouri State Public Defender, and Megan Bradshaw, a prosecutor with the St. Louis Circuit Attorney's Office. Plaintiff sues defendants in their individual capacities only.

Plaintiff states that he is suing state and local officials in this lawsuit pursuant to 42 U.S.C. § 1983 under the Fifth, Sixth and Fourteenth Amendments. [ECF No. 1, p. 3]. He claims:

> No grand jury indictment, denial of effective assistance of counsel, 18 U.S.C. 3161 speedy trial right, due process.

[ECF No. 1 at 4].

In the section of the form complaint provided for plaintiff to provide facts giving rise to his claims, plaintiff writes:

> St. Louis 22nd Circuit Court and 8th Federal District Court August 6, 2020, Sept. 3, 2020, Jan 31, 2022.

[ECF No. 1 at 4]. While in the section of the form complaint provided for plaintiff to set forth facts underlying his claim, he writes:

> Wrongfully charged, detained, held beyond speedy trial time. Contracted to the Federal Court unjustly without consent or investigation by the federal government. Occurring by providing "<u>information</u>" which cannot be utilized in Federal Court – Malfeasance.

*Id.*

For relief, plaintiff asserts that he is seeking to "Substantiate Claim for Court Record, Dismiss and Discharge plaintiff upon findings." *Id.*

On December 19, 2024, plaintiff filed a "Motion for Scheduled Preliminary Hearing." [ECF No. 6]. Plaintiff stated in his motion that he wishes to:

> . . .establish the precedence of the plaintiffs [sic] claim in order to move the proceedings forward to prevent any form of stagnation within the process.

*Id.*

## Discussion

Plaintiff's claims are conclusory and difficult to discern. Although he has makes broad claims arguing that he was wrongfully detained, held without an indictment, his due process and

11

speedy trial rights were violated, and he was unlawfully seized, he has failed to connect these alleged actions to any of the named defendants. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff merely lists individuals as defendants without alleging, with any specificity, that they did anything to violate his rights. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of a self-represented complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them). Plaintiff's failure to allege a causal connection of his claims to defendants is fatal to his request for relief in this action.

Moreover, the aforementioned allegations are legally barred because plaintiff's federal criminal proceedings were not terminated in his favor, as required by *Heck v. Humphrey*, 512 U.S. 477 (1994);[3] *see also Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (applying *Heck* in the context of a federal prisoner); *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco and Firearms*, 452 F.3d 433, 460 (6th Cir. 2006) ("*Heck's* litigation bar applies with equal force to *Bivens* actions."), *cert. denied*, 549 U.S. 1321 (2007); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* in § 1983 suit seeking declaratory relief).[4]

---

[3] Although it appears that plaintiff's state court matter was voluntarily dismissed, plaintiff is unable to maintain an action under 42 U.S.C. § 1983 against state prosecutor Megan Bradshaw or his appointed state counsel, Draymond Foster in their individual capacities.

[4] In *Heck*, the Supreme Court established a favorable termination requirement for § 1983 actions that do not "seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful." 512 U.S. at 486 n.6. In relevant

Furthermore, to the extent plaintiff is attempting to bring a claim against defendants under 42 U.S.C. § 1983, "[t]he essential elements of a § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020).[5] However, a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) (stating that the Eighth Circuit "has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel"). For these reasons, plaintiff's claims against defendants Zachary Borowiak and Draymond Foster, his court-appointed counsel, are subject to dismissal.

---

part, the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

[5] A claim under *Bivens* involves the same analysis as one arising under 42 U.S.C. § 1983. *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

Last, because prosecutors are immune from civil liability so long as the actions complained of appear to be within the scope of prosecutorial duties, plaintiff's claims against defendants Catherine Hoag and Megan Bradshaw, fail to state a claim. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982); *Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The Court also notes that the complaint states no facts in support of those claims.

For the foregoing reasons, the Court concludes that the complaint fails to state a claim upon which relief may be granted, and the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for hearing [ECF No. 6] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of March, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE